# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KEITH JACKSON,<br><br>                               *Plaintiff,*<br><br>        v.<br><br>BECCM COMPANY, INC. ET AL,<br><br>                               *Defendants*. | CIVIL NO. 3:09cv00054<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on the plaintiff's motion for partial judgment on the pleadings [docket no. 34] and plaintiff's motion to dismiss defendant's counterclaims [docket no. 26]. The plaintiff brings this suit alleging violations of, *inter alia*, the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"). The Plaintiff has filed a motion for partial judgment on the pleadings, asking the Court to hold that the Defendants have admitted that they required the Plaintiff to return to their offices after completing work at a daily jobsite and that they did not compensate Plaintiff for that travel time back to the office, in violation of the FLSA. The defendant BECCM Company, Inc. ("BECCM") has filed counterclaims alleging tortious interference with business expectancy, fraud, conversion, and breach of fiduciary duty, and the plaintiff has filed a motion to dismiss those counterclaims. For the reasons that follow, plaintiff's motion for partial judgment on the pleadings is denied, and plaintiff's motion to dismiss defendant's counterclaims is granted in part and denied in part.

**I.  Background**

The FLSA claim

Keith Jackson was employed as a lead glass installer by BECCM Company from on or about January 8, 2008 through February 13, 2009.[1]  BECCM Company is a for-profit business incorporated in the Commonwealth of Virginia that provides and installs various glass products, and the company has offices in Charlottesville, VA and Gordonsville, VA.  BECCM has revenues in excess of $500,000 per year and is an "employer" engaged in an "industry that affects commerce" with the statutorily required number of employees as those terms are defined by the FLSA at 42 U.S.C. §2000(e).

From late November or early December, 2008, through on or about February 13, 2009, Defendants required Jackson to report to the Gordonsville office each morning prior to proceeding to the day's worksite, at which time he would clock in to record his beginning work time for the day.  Defendant BECCM included in Jackson's hours worked the time it took Jackson to get from the Gordonsville office to the day's worksite, and Jackson was therefore compensated for that time.  During that same time period, Jackson was required to return to the Gordonsville office at the end of each work day.  Upon his return to the Gordonsville office, plaintiff would return the company vehicle and any company equipment used during the day, and clock out.  Defendants deducted Jackson's travel time from the work site to the Gordonsville office from his hours worked, and he was therefore not paid for that time.  Indeed, Defendant admits this fact in part, answering that BECCM Company "did not pay Plaintiff for his travel home at the end of the day from the worksite, both when he drove straight home with a company

---

[1] Plaintiff alleges that he was employed by each of the three named defendants, BECCM Company, BECCM Enterprises, LLC, and Brent Wright.  Defendants respond that BECCM Company was the sole party that employed Plaintiff.  For purposes of the factual background, I will refer to the employer in the plural form.

2

vehicle and then when he dropped the company vehicle off on the way home because of his misdeeds in using the company vehicle and gasoline for personal business." Answer at ¶ 54.

BECCM's Counterclaims[2]

BECCM asserts counterclaims against Keith Jackson of: 1) tortious interference with business expectancy; 2) fraud; 3) conversion, and 4) breach of fiduciary duty. In support of these claims, BECCM alleges the following facts.

    A. Tortious Interference with Business Expectancy

Defendant alleges that BECCM installed the exterior glass on the Spottsylvania Towne Center shopping center in Fredericksburg, VA. Based on that work, BECCM "expected to obtain contracts for the installation of store front glass for the individual stores in the shopping center" because "in connection with previous shopping center work . . . [BECCM was] often able to obtain contracts for the installation of store front glass." According to BECCM, Jackson obtained a quote for store front aluminum for the purposes of seeking contracts for himself for the installation of store front glass at individual stores at the Spottsylvania Towne Center. BECCM allegedly obtained fewer contracts for the installation of store front glass at the Spottsylvania Towne Center than BECCM expected, and fewer than it had obtained in connection with similar projects, all as a result of Jackson's actions. BECCM alleges that, absent Jackson's actions, BECCM would have realized its expectancy of winning additional contracts for glass installation at the Spottsylvania Towne Center, and that as a direct and proximate result of Jackson's actions, BECCM suffered economic damages.

---

[2] Because these counterclaims are being challenged via a motion to dismiss, the facts relevant to each claim are presented in the light most favorable to the non-moving party, BECCM.

B. Fraud

Defendant alleges that Jackson frequently misrepresented the number of hours he had worked. Defendant cites two examples. First, defendant alleges that while Jackson was assigned on a glass installation project at a Country Inn & Suites, he reported to BECCM that he had worked (and was therefore paid for) ten hours per day. However, the superintendent for the Country Inn & Suites hotel project reported to BECCM that Jackson had not been working ten hours per day, but had in fact been taking two hour lunches and leaving the worksite early in the day. The defendant also alleges that similar misreporting of hours worked occurred at the Spottsylvania Towne Center project, where the project superintendent also reported to BECCM that Jackson had not been working ten hours per day, but had been taking two hour lunches and leaving the worksite early in the day. In reliance on Jackson's misrepresentations, BECCM paid Jackson for hours of work that Jackson had not performed.

C. Conversion

BECCM alleges that Jackson was permitted to drive company vehicles for work purposes, from work to his home and from his home to work. Jackson was not permitted, however, to utilize BECCM vehicles for personal use. On numerous occasions, and without the permission of BECCM, Jackson utilized BECCM vehicles for personal use. BECCM asserts that Jackson acted with malice and reckless disregard to the rights of BECCM, and that as a direct result of Jackson's actions, BECCM was economically damaged.

D. Breach of Fiduciary Duty

BECCM asserts that Jackson's activities in competition with BECCM, material misrepresentations to BECCM, failure to prefer the interests of BECCM over his own,

withholding of information from BECCM about potential work opportunities, and conversion of BECCM property were a breach of his duty of loyalty, good faith, and honesty to BECCM.

## II.     Standard of Review

Judgment on the Pleadings

When deciding a Rule 12(c) motion for judgment on the pleadings, the Court must apply the same standard that is applied when ruling on a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir.2002); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can ... be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co*., 99 F.Supp.2d 714, 718 (E.D.Va. 2000); see also *A.S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 192 (4th Cir.1964) (discussing whether "it was proper to enter judgment as a matter of law" under Rule 12(c)).

"Where the plaintiff moves for judgment on the pleadings, 'the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position.'" *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, 378 F.3d 596 (7th Cir. 2004), quoting *All Am. Ins. Co. v. Broeren Russo Const., Inc.,* 112 F.Supp.2d 723, 728 (C.D.Ill. 2000) (citation omitted).  Accordingly, the plaintiff here is not entitled to a grant of his motion for partial judgment on the pleadings unless it appears beyond doubt that the Defendants cannot prove facts sufficient to support their position.

5

Motion to Dismiss Counterclaims

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 129 S. Ct 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal* at 1949, citing *Twombly* at 555.

### III. Analysis

Judgment on the Pleadings – FLSA claim

The plaintiff argues that he is entitled to a partial judgment as a matter of law on the issue of BECCM's failure to pay correct regular and overtime wages. Plaintiff argues that there are no material facts that remain in dispute as to Defendants' "systemic deduction of travel hours on return trips from Mr. Jackson's field assignments to the home office ("travel time" as such is defined by 29 C.F.R. §785.38), for regular and overtime wage calculation purposes under the Fair Labor Standards Act."

Pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, covered employers are required to pay their employees for all work performed and at a rate of time-and-a-half for work performed in excess of forty hours per week. 29 U.S.C. §§206-207.[3] Those employers that are subject to the FLSA are in some instances required to compensate employees for travel time incurred during the work day. Specifically "[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked." 29 C.F.R. §785.38. "Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of his day's work, and must be counted as hours worked regardless of contract, custom, or practice." *Id.* Moreover, the C.F.R. sets forth an example of the type of travel time that is compensable:

> If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time. However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked.

*Id.*, citing *Walling v. Mid-Continent Pipe Line Co.*, 143 F.2d 308 (10th Cir. 1944). Under the Portal-to-Portal Act, 29 U.S.C. §251-62, employers need not compensate employees for travel time to and from the actual place of performance of the principal activity or activities an employee is expected to perform. 29 U.S.C. §254(a). Additionally, an employer is not required to compensate for activities that are "preliminary or postliminary to" the "principal activity or activities" which an employee is engaged to perform, unless the employer is otherwise required to compensate its employees for such work by custom, contract, or practice. *See* 29 U.S.C. §254(a)(2) and (b). Thus, the determination of "whether an activity involved compensable hours

---

[3] Defendant BECCM has admitted that it is an employer subject to the FLSA.

worked pursuant to [the Act] depends upon whether the activity is a principal activity or a preliminary or postliminary activity." *Truslow v. Spotsylvania County Sherriff*, 783 F.Supp. 274, 277 (E.D.Va. 1992).

The term "principal activity or activities" includes all activities that are "integral and indispensable" to the principal activity. See *Steiner v. Mitchell*, 350 U.S. 247 (1956). The test for principal activities and integral and indispensable parts of such activities is "whether [the activities] are performed as part of the regular work of the employees in the ordinary course of business." *Dunlop v. City Elec., Inc.*, 527 F.2d 394, 401 (5th Cir.1976). "In contrast to integral and indispensable activities, preliminary or postliminary activities are activities spent predominantly in the employees' own interests." *Truslow* at 278, citing *Dunlop* 527 F.2d at 398-400. "Whether an activity is preliminary or postliminary to [the] principal activities . . . is a mixed question of law and fact because the precise nature of the employee's duties is a question of fact, while application of the FLSA to those duties is a question of law." *Baker v. Barnard Constr. Co.*, 146 F.3d 1214, 1216 (10th Cir. 1998), citing *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 743 (1981); *Baker v. GTE North, Inc.*, 927 F.Supp. 1104, 1111-12 (N.D.Ind. 1996), *rev'd on other grounds*, 110 F.3d 28 (7th Cir. 1997).

With the aforementioned law as a backdrop, the Plaintiff contends that Defendants have admitted in their answer sufficient facts for the Court to conclude as a matter of law that the Defendants required the Plaintiff to return to their offices after completing work at a daily jobsite and that they did not compensate Plaintiff for that travel time back to the office, in violation of the FLSA.

Defendants BECCM Enterprises, LLC and Brent Wright deny that the FLSA applies to them. Indeed, BECCM Enterprises, LLC and Mr. Wright clearly make sufficient denials in the

Answer such that a partial judgment on the pleadings against them would be unwarranted. Thus, the remaining relevant inquiry is whether judgment on the pleadings is warranted against BECCM.

BECCM admits in its answer that it did not pay plaintiff for travel time back to the defendant's office at the end of the day where plaintiff used a company vehicle. Answer at ¶ 51. However, BECCM asserts that it required plaintiff to return the vehicle back to the company office because plaintiff had previously used the company vehicle in an unauthorized manner, and BECCM hoped to prevent such further misuse. BECCM argues that Jackson was not necessarily required to return to the corporate office at the end of the day. Rather, plaintiff was only required to return the company vehicle at the end of the day on the days he chose to make use of that benefit. That is, plaintiff had the option to use the company vehicle to get to the daily jobsite, or to use his own. Only on those occasions where plaintiff chose to use the benefit of the company vehicle was he then required to return the vehicle at the end of the day.

I find that a partial judgment on the pleadings on this issue is unwarranted. Though BECCM has stated in its answer that it did, in some instances, require plaintiff to return to the corporate office at the end of the workday, that requirement may well have been in place only to the extent that plaintiff chose to partake in the benefit of employer-provided transportation. The pleadings do not make clear that the plaintiff was absolutely required to return to his employer's office at the end of the day. Rather, the entirety of that requirement may well turn on the employee's voluntary decision to use an employer-provided vehicle, rather than to use his own transportation. Thus, because there are relevant facts that remain in dispute, a partial judgment on the pleadings is not appropriate.

Motion to Dismiss Counterclaims

        A. Tortious Interference with Business Expectancy

        To state a claim for tortious interference with a contractual expectancy in Virginia, a plaintiff must prove: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) resultant damage to the party whose relationship or expectancy has been disrupted," and (5) "that the defendant interfered by employing improper methods." *Peterson v. Cooley*, 142 F.3d 181, 186 (4th Cir. 1998) (citing *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985); *Duggin v. Adams*, S.E.2d 832, 836 (Va. 1987)). "Improper means" has been defined to "include violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of confidential information, or breach of a fiduciary relationship," as well as unethical conduct, unfair competition, sharp dealing, or overreaching. *Duggin*, 360 S.E.2d at 836-37. It is well-settled that a person cannot intentionally interfere with his own contract. *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985). But if an agent of a party to a contract acts outside the scope of her employment in tortiously interfering with the contract, then the aggrieved party may be entitled to recover if the agent is unable to establish an affirmative defense of justification or privilege. *Fox v. Deese*, 362 S.E.2d 699, 708 (Va. 1987).

        I conclude that BECCM has failed to properly state a claim for tortious interference with business expectancy. BECCM's complaint does not assert with any specificity exactly with what contracts it believes plaintiff tortiously interfered. Indeed, the alleged expectancy appears to be based on the assertion that because BECCM had successfully obtained subsequent work within shopping centers where it had performed glass installation work, it necessary would receive

subsequent contracts based on its work at the Spottsylvania Towne Center. Thus, not only has BECCM failed to allege the existence of a valid business expectancy, but it has also necessarily failed to allege a resultant breach or termination of such expectancy. Finally, even if BECCM did have a business expectancy as a result of the Spottyslvania work, it has failed to sufficiently allege a causal relationship between plaintiff's alleged actions and BECCM's alleged loss. Accordingly, plaintiff's motion to dismiss BECCM's tortious interference with business expectancy claim is granted.

.      B. Fraud

In order to set forth a *prima facie* case of fraud, BECCM must allege that Jackson made (1) a false representation (2) of a material fact (3) made intentionally and knowingly (4) with intent to mislead (5) upon which BECCM relied (6) that damaged BECCM. *See Ashmore v. Herbie Morewitz, Inc.*, 252 Va. 141, 147 (1997). Moreover, "fraud" is required to be pled with specificity. Indeed, "[i]n alleging fraud…a party must state with particularity the circumstances constituting fraud…." Fed. R. Civ. P. 9(b). As the Fourth Circuit has elaborated, "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Harrison v.Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999), *citing* 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 290, at 590 (2d ed. 1990).

I conclude that BECCM has failed to properly state a counterclaim for fraud against the plaintiff. First, although BECCM points to two projects during which Jackson alleging misreported his hours, BECCM fails to sufficiently specify the precise timing of the alleged misrepresentations as required by Rule 9(b). Perhaps the two projects during which the alleged

11

fraud occurred were single day projects, such that the specific time that the alleged fraud occurred would of course be clear. By contrast, the examples provided by BECCM may involve multi-day projects, such that the specific time during which the alleged fraud occurred becomes indiscernible. It is simply not clear enough from the pleadings to determine the timing of the alleged fraud as required by Rule 9(b). Accordingly, plaintiff's motion to dismiss BECCM's fraud claim is granted.

C. Conversion

"A person is liable for conversion for the wrongful exercise or assumption of authority over another's goods, depriving the owner of their possession, or any act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's rights." *Simmons v. Miller*, 261 Va. 561, 582 (2001), citing *Hartzell Fan, Inc. v. Waco, Inc.*, 256 Va. 294, 300 (1998); *Bader v. Central Fidelity Bank*, 245 Va. 286, 289 (1993). In order to properly state a claim for conversion, a plaintiff "must allege (1) the ownership or right to possession of property at the time of the conversion; and (2) the wrongful exercise of dominion or control by the defendant over the plaintiff's property, thereby depriving the plaintiff of possession of the property." *Ford v. Wellmont Health System*, 2009 WL 4544099 at *6 (W.D. Va. November 30, 2009) (citations omitted).

I conclude that BECCM has sufficiently stated a claim of conversion. In its counterclaim, BECCM alleges that Jackson was not permitted to use its company vehicles for personal reasons, and that he nevertheless did so. Based on the alleged restriction on the use of company vehicles, Jackson's alleged personal use of a company vehicle would be outside his permitted use, and therefore would be inconsistent with BECCM's rights. Accordingly, BECCM has properly stated a claim for conversion, and Jackson's motion to dismiss that claim is denied.

12

D. Breach of Fiduciary Duty

"In order to state a claim for breach of fiduciary duty, a plaintiff must plead the duty, breach, and damages sustained." *Koschene v. Hutchinson*, 73 Va. Cir. 103, 2007 WL 6013037 at *3 (Va. Cir. Mar. 16, 2007), (citing *Carstensen v. Chrisland Corp.*, 247 Va. 433, 444 (1994)). Virginia law has "long recognized that under the common law an employee, including an employee-at-will, owes a fiduciary duty of loyalty to his employer during his employment." *Williams v. Dominion Tech. Partners, L.L.C.*, 265 Va. 280, 289 (2003). Virginia courts have acknowledged "the principle that an employee's fiduciary duty to his employer prohibits the employee from acting in a manner adverse to his employer's interest." *Hilb, Rogal, & Hamilton Co. v. DePew*, 247 Va. 240, 246 (1994). The Supreme Court of Virginia has further recognized that certain employee conduct will clearly constitute a breach of duty, such as the misappropriation of trade secrets, misuse of confidential information, or the solicitation of an employer's clients or other employees prior to termination of employment. *Combined Ins. Co. of America v. Wiest*, 578 F.Supp.2d 822 (W.D.Va. 2008). Moreover, "[w]hile this list is by no means exhaustive, it is indicative of the types of conduct by an employee that the *common law* will not condone in an employment relationship." *Id.* at 832, citing *Williams* at 291. Indeed, "the law will not provide relief to every 'disgruntled player in the rough-and-tumble world comprising the competitive marketplace,' especially where, through more prudent business practices, the harm complained of could easily have been avoided." *Id.* at 290 (quoting *ITT Hartford Group, Inc. v. Virginia Financial Assocs., Inc.*, 258 Va. 193, 204 (1999).

In its breach of fiduciary claim, BECCM incorporates as a breach of duty the allegations that form the basis of the tortious interference, fraud, and conversion claims previously examined. In addition, BECCM alleges that on one occasion, Jackson lied to Defendant Wright

about his location and the status of his work on a job site. I conclude that BECCM's breach of fiduciary duty claim fails to state a claim upon which relief can be granted. Given the aforementioned Virginia law, the only allegation that I believe could rise to the level of breach of fiduciary duty is the allegation that Jackson competed with BECCM while in its employ by obtaining a quote for store front aluminum for the purposes of seeking contracts for himself for the installation of store front glass at individual stores at the Spottsylvania Towne Center. Yet, that allegation fails to sufficiently allege how BECCM was damages as a result of the alleged solicitation. Accordingly, BECCM's claim for breach of fiduciary duty must fail, and plaintiff's motion to dismiss that counterclaim is granted.

## IV. CONCLUSION

For the reasons stated herein, the plaintiff's motion for partial judgment on the pleadings is denied. The plaintiff's motion to dismiss counterclaims is granted without prejudice as to Counts I, II, and IV, and denied as to Count III. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTERED: This __5th__ Day of January, 2010.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE