**Instruction No. 1**

**GENERAL INTRODUCTION**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.  Likewise, during the trial I may have made comments to the lawyers or instructed a witness how to respond.  You should disregard anything I may have said except when I instructed you or if I sustained an objection.  Except for my instructions to you, you should not regard anything I may have said as indicating what your decision should be.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Instruction No. 2**

**EVIDENCE IN THE CASE**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to and all facts and events that may have been judicially noticed.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate to or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**Instruction No. 3**

**PREPONDERANCE OF THE EVIDENCE**

A plaintiff in a civil action, such as this, has the burden to prove every essential element of its claim by a preponderance of the evidence. If Mr. Jackson should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for Defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence which, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**Instruction No. 4**

**"DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE—DEFINED**

Generally speaking, there are two types of evidence that are presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Instruction No. 5**

**WITNESS CREDIBILITY**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see, hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

You must consider all of the evidence. You may not arbitrarily disregard any of it. However, you are at liberty to disregard any testimony which, according to your own knowledge and experience, is extravagant, unreasonable, or contrary to common sense. Likewise, if you find that the testimony of a witness is contradictory, inconsistent, or incredible, then you may disregard it.

**Instruction No. 6**

**USE OF DEPOSITIONS AS EVIDENCE**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand, may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Instruction No. 7**

**Fair Labor Standards Act – Who is an Employer**

The plaintiff in this case claims that the defendants, his employers, failed to pay him wages owed to him pursuant to the Fair Labor Standards Act. Under the Fair Labor Standards Act, employers must pay employees for their working time. An "employer" under the FLSA includes any individual, partnership, association or corporation acting directly or indirectly in the interest of an employer in relation to an employee. Additionally, a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.

**Instruction No. 8**

**Fair Labor Standards Act – Work**

Under the Fair Labor Standards Act, employers must pay employees for their working time. "Work" is time spent in "physical or mental exertion" (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer or his business. Work not requested but suffered or permitted is work time. Additionally, "work" can include standby or waiting time; if it so chooses, an employer can hire an employee to do nothing at all.

**Instruction No. 9**

**Fair Labor Standards Act – Compensable Time**

In order to be compensable, an employee's time must be time spent predominantly in the interest of the employer, rather than in the interest of the employee. Additionally, time is compensable if it was an integral and indispensable part of the principle activities for which an employee is employed. However, time is not compensable if it is spent primarily in the employee's own interests, unless it was made compensable by contract, custom, or practice.

**Instruction No. 10**

**Fair Labor Standards Act – Compensable Time / Travel Time**

Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as compensable time. Travel time at the commencement or cessation of a workday need not be counted as working time unless it is compensable by contract, custom, or practice. Normally, if an employee is required to return to his employer's premises from a work site at the end of a work day, his travel between the work site and the employer's premises is compensable time. Travel from home to work and back is normally not compensable time unless employees are required to report to one location to receive assignments and then travel to a job site, or the travel is part of an employee's principal job activities. The critical question is whether the travel time is spent predominantly for the employer's benefit or for the employee's benefit.

Keith Jackson claims that he was not paid for travel time between a work site and his employers' offices at the end of the workday. In order to prevail on his claim, Jackson must prove each of the following by a preponderance of the evidence as to each Defendant:

1) The Defendant was his employer, subject to the Fair Labor Standards Act for the time period involved;

2) The Defendant did not pay plaintiff for his travel time at the end of the work day between a work site and his employers' office; and

3) Any travel time for which the defendant did not pay Plaintiff was compensable time.

**Instruction No. 11**

**Fair Labor Standards Act**

If, after considering all the evidence, you find by a preponderance of the evidence that any or all Defendants were Mr. Jackson's employer, failed to pay Mr. Jackson for his travel time at the end of the work day between a work site and his employers' office, and that such travel time was compensable time, then your verdict must be for Mr. Jackson and you must determine the damages that Mr. Jackson is entitled to recover.

**Instruction No. 12**

**Fair Labor Standards Act**

The measure of damages is the difference between what Mr. Jackson should have been paid under the Fair Labor Standards Act and the amount that he was actually paid. In the event that you are convinced by the evidence that the Defendants violated the Fair Labor Standards Act, then you must determine the amount of damages that Mr. Jackson has suffered. With regard to Mr. Jackson's allegations of Fair Labor Standards Act violations, you must determine the difference between what Mr. Jackson was paid and what you, as jurors, decide that he should have been paid. That difference is the amount of damages.

**Instruction No. 13**

**Fair Labor Standards Act - Damages**

The parties agree that from January 9, 2008 through April 10, 2008, Mr. Jackson's regular pay rate was $20.00 per hour. Thus, from January 9, 2008 through April 10, 2008, Mr. Jackson's overtime pay rate was $30.00 per hour. The parties further agree that from April 11, 2008 through February 13, 2009, Mr. Jackson's regular pay rate was $21.00 per hour. Thus, from April 11, 2008 through February 13, 2009, Mr. Jackson's overtime pay rate was $31.50 per hour.

**Instruction No. 14**

**Fair Labor Standards Act - Damages**

An employee who brings suit under the Fair Labor Standards Act for unpaid overtime compensation has the burden of proving by a preponderance of the evidence that he performed work for which he was not properly compensated. When the employer has kept proper and accurate records, you may rely on those records as sufficient evidence to show the amount and extent of that work performed by the employee.

But where there is evidence that the employer's records are inaccurate or inadequate, or the employer has no record of the employee's hours, an employee has carried out his burden if he proves by a preponderance of the evidence that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence, either through documents or testimony, from which you can reasonably infer the amount and extent of the unpaid work.

**Instruction No. 15**

**Discrimination Claim - Generally**

Mr. Jackson has alleged claims based on Title VII of the Civil Rights Act of 1964, which prohibits employers from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. An unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor in any employment practice, even though other factors may have also motivated the practice.

To prove his claim, Jackson must prove by a preponderance of the evidence that:

1) The Defendant was Jackson's employer;

2) The Defendant took a materially adverse employment action against him; and,

3) Jackson's race was a motivating factor in the Defendant's decision.

You must find for the Defendant if any of these elements has not been proved.

Instruction No. 16

**Discrimination Claim – Materially Adverse Employment Action**

Not everything that makes an employee unhappy is a materially adverse employment action. It must be something more than a minor or trivial inconvenience. For example, a materially adverse employment action exists when someone's pay or benefits are decreased; when his job is changed in a way that significantly reduces his career prospects; or when job conditions are changed in a way that significantly changes his work environment in an unfavorable way.

**Instruction No. 17**

**Discrimination – Motivating Factor**

A "motivating factor" is a factor that played some part in the Defendant's employment practice decision.

**Instruction No. 18**

**Title VII - Hostile Work Environment**

Mr. Jackson claims that he was the victim of a racially hostile work environment in violation of Title VII. To succeed on his hostile work environment claim, Jackson must demonstrate by a preponderance of the evidence that his workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his work environment. The question is not solely whether Jackson himself found the work environment to be hostile or abusive. Rather, Jackson must show that a reasonable person would have found his work environment to be hostile and abusive, and that he himself perceived the environment to be abusive.

Additionally, Jackson must show that a specific basis exists for imputing the conduct that created the hostile environment to his employer.

**Instruction No. 19**

**Retaliation**

The Plaintiff claims that the Defendant violated Title VII by retaliating against him because he complained that his employer was engaging in unlawful discrimination. Opposing discrimination in employment is a protected activity, whether justified or not. Accordingly, to make out his claim of retaliation, Plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

   1. That the Plaintiff complained of discrimination in his employment;

   2. That the Defendant was aware of the Plaintiff's complaint;

   3. That the Plaintiff was then subjected to a material adverse action by the Defendant, specifically, the Defendants denied the Plaintiff work shifts; and,

   4. That the Defendant took the adverse action, at least in part, because of the Plaintiff's complaint.

With respect to the third element, an adverse action is "material," in terms of a retaliation claim, if it might have discouraged a reasonable worker from complaining about similar discrimination. The adverse action itself, however, need not be related to the Plaintiff's employment.

With respect to the fourth element, the Defendant need not have taken the adverse action solely, or even primarily, because of the Plaintiff's protected activity; but, the Defendant must have taken the adverse action at least in part because of an intent to retaliate against the Plaintiff for complaining about employment discrimination.

**Instruction No. 20**

**Title VII – Compensatory Damages**

If you find for the Plaintiff on any of his Title VII claims, you must then decide the issue of the Plaintiff's damages. In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork, because only actual damages are recoverable. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible.

**Instruction No. 21**

**Title VII – Punitive Damages**

Under Title VII, punitive damages are available in limited circumstances. Specifically, violation of Title VII does not warrant the imposition of punitive damages simply because the employer is aware that this law exists or that it prohibits discrimination and retaliation. Rather, for punitive damages the Plaintiff must show by a preponderance of the evidence that the Defendant knew that its conduct violated the law or that it acted with reckless disregard for whether its conduct was unlawful. If you find by a preponderance of the evidence that Defendant acted with malice or reckless indifference to Mr. Jackson's rights, then you may make an award of punitive damages.

**Instruction No. 22**

**Conversion**

BECCM Company, Inc. has asserted a counterclaim of conversion against the Plaintiff, alleging that the Plaintiff wrongfully used BECCM Company, Inc. vehicles on two occasions. A person is liable for conversion for the wrongful exercise or assumption of authority over another's goods, depriving the owner of their possession, or any act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's rights. In order to prove its claim that plaintiff committed conversion of BECCM Company, Inc. vehicles, BECCM Company, Inc. must prove that (1) it had the ownership or right to possession of the property at the time of the conversion; and (2) that plaintiff wrongfully exercised dominion or control over BECCM Company, Inc.'s property, thereby depriving it of possession of the property.

The measure of damages in the event of a conversion is the value of the property converted at the time and the place of conversion.

**Instruction No. 23**

**Duty to Deliberate**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

**Instruction No. 24**

**Verdict Forms – Jury's Responsibility**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

**Instruction No. 25**

**Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Instruction No. 26**

**Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary;**

**Unanimous Verdict; Verdict Form**

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this

case.

**[The form reads: [quote]]**.

You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.